# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>   JERRY CLAY, | )<br>)<br>) No. 12 C 10011 |
| Petitioner, | )<br>) Hon. Virginia M. Kendall |
| v. | )<br>) |
| RICK HARRINGTON, Warden<br>   Menard Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Jerry Clay is currently in custody at Menard Correctional Center in Menard, Illinois. Rick Harrington is warden of that facility. Following a 2006 jury trial in Cook County Circuit Court, Clay was convicted of first-degree murder and armed robbery and sentenced to concurrent fifty- and thirty-year terms of imprisonment. Clay filed a notice of appeal with the Cook County Circuit Court on December 11, 2006 that was not acted upon until November 30, 2012—nearly six years later—when he filed a reconstructed notice of appeal. That appeal is currently pending. In light of the delay in adjudicating his appeal, Clay asks this Court to excuse him from the requirement to exhaust his state court remedies before seeking federal habeas relief, and to grant him relief on his petition, including immediate release from prison. For the reasons state below, Clay's petition is denied without prejudice.

## BACKGROUND

Clay was convicted of first-degree murder and armed robbery and sentenced to serve concurrent terms of fifty and thirty years in 2006. (Dkt. No. 15-1 at p. 1.) On December 11, 2006, Clay filed a notice of appeal with the Cook County Circuit Court, and on that same day,

the Office of the State Appellate Defender ("OSAD") was appointed to represent him. (*Id.* at p. 2.) For unknown reasons, the notice of appeal was never transmitted to the clerk of the appellate court and OSAD was never notified that it had been appointed to represent Clay. (*Id.* at p. 3.) Clay's appeal went without action for nearly six years, at which point Clay's family hired a private attorney, who then contacted the OSAD to determine whether Clay had appealed his conviction. *Id.* OSAD investigated and discovered that a notice of appeal was filed but the circuit court clerk was unable to locate it. (*Id.*) On October 11, 2012, OSAD asked the trial court to allow a reconstructed notice of appeal to be filed *nunc pro tunc* to December 11, 2006. (*Id.*) After the trial court granted the request, OSAD filed the reconstructed notice of appeal in Illinois state appellate court on November 30, 2012. (*Id.* at p. 1.)

With his petition, Clay produced documents indicating that he began looking into the delay of his appeal in 2011. On October 14, 2011, Clay received a letter from the Office of the Clerk of the Circuit Court of Cook County that instructed him to direct his request for his trial transcripts to the Court Reporters' Office. (Dkt. No. 2 at p. 10.) He then received a letter from the Circuit Court of Cook County Official Court Reporter's Office dated October 28, 2011 asking for more information and stating the cost of the transcripts is $3.15 per page. (*Id.* at 11.) On November 7, 2011, he received a letter from the Chicago Police Department ("CPD") denying his Freedom of Information Act ("FOIA") request because it was "unduly burdensome." (*Id.* at pp. 12–13.) CPD denied Clay's request but informed him that it would consider a more narrowly tailored request if one were to be submitted. (*Id.* at p. 13.)

On August 14, 2012, Clay received a letter from OSAD regarding Clay's private attorney's inquiry, which conveyed the information that Clay's appeal was not processed for unknown reasons and added: "I have been asking the clerk of the circuit court to check your file

for the notice of appeal, but they have not gotten back to me." (*Id.* at 14.) The letter asked Clay to reply if he still wanted to pursue his appeal. (*Id.*) On October 29, 2012, two and a half months later, Clay received another letter from OSAD indicating that an order to have his appeal be filed *nunc pro tunc* was pending with the court. (*Id.* at p. 15.) OSAD apologized for its delayed reply to Clay's most recent letter: "[I]t must've slipped my mind." (*Id.*)

Clay filed the present petition for a writ of habeas corpus on December 17, 2012. On January 22, 2013, the State notified the clerk of the First District Appellate Court that Clay's counsel, OSAD, was in possession of Clay's trial transcripts. (Dkt. No. 14 at p. 4.) As of the time this Court considered Clay's habeas petition, the state appellate court has not yet ruled on Clay's appeal.

Clay's petition for a writ of habeas corpus presents three claims:

1. Clay's right of direct appeal has been arbitrarily stripped and denied to petitioner due to inordinate delay in violation of due process;

2. Clay has been denied any opportunity to challenge his state court judgment, which presents federal questions of fact and law, because he has been denied his trial transcripts and the police record; and

3. Clay is entitled to an "unconditional writ of habeas corpus."

## **DISCUSSION**

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Thus, before this Court can discuss the merits of Clay's petition, it must establish that Illinois courts have had a full and fair opportunity to review his claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998). The Illinois courts have had a full and fair opportunity to hear Clay's claims when he has exhausted his remedies therein. *See* 28 U.S.C. § 2254(b).

Clay's direct appeal is currently pending with the Illinois appellate courts. The Court therefore declines to analyze the merits of Clay's habeas petition and dismisses it without prejudice. Dismissing Clay's present petition without prejudice (rather than staying the petition) does not impede his federal habeas rights because Clay may reinstate his petition with this Court within the one-year statutory period following the exhaustion of his state court remedies. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); 28 U.S.C. § 2244(d). Clay's post-exhaustion habeas petition may include additional claims, such as a request for the assistance of counsel.

Because dismissing Clay's petition without prejudice does not constitute a final judgment in this situation, the Court declines to grant Clay a certificate of appealability. *Dolis v. Chambers*, 454 F.3d 721, 722 (7th Cir. 2006); *see also Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004) ("[T]here are 'special circumstances' under which the dismissal of a case without prejudice may constitute a final appealable order. Special circumstances are present when it is clear that it is impossible for the plaintiff to amend the filing to remedy the problem that prompted the dismissal.").

## CONCLUSION

For the reasons set forth above, the Court dismisses without prejudice Clay's Petition for Writ of Habeas Corpus and denies him a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 4, 2013